No. 24,767.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Appellant*, v. THE CITY OF INDEPENDENCE et al., *Appellees*.

SYLLABUS BY THE COURT.

CITY ELECTION—*Called by Petition—Time in Which Signatures to Such Petition May be Withdrawn*. Under a statute requiring an election to be called if petitioned for by a stated proportion of the legal electors within a certain number of days from a fixed time, signatures to such petition cannot be withdrawn at the pleasure of the signers after the expiration of such period.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed December 8, 1923. Reversed.

*W. N. Banks, O. L. O'Brien, Walter McVey*, and *Jay Scovell*, all of Independence, for the appellant.

*S. H. Piper, Charles D. Shukers*, both of Independence, *H. L. McCune*, and *Blatchford Downing*, both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MASON, J.: This action was brought by the state on the relation of the attorney-general to enjoin the enforcement of a franchise ordinance passed by the city commission of the city of Independence, on the ground it had not been submitted to a popular vote, and to require such submission. A demurrer to the petition was sustained and the plaintiff appeals.

The question involved is whether a petition for the calling of an election on the subject, which originally had the required number of signatures, was rendered ineffective by withdrawals attempted by a number of signers. The statute under which the city commission acted reads:

"All incorporated cities in the state of Kansas into or through which any interurban railroad may have heretofore been built, or into or through which any

interurban railroad may propose to build a line of interurban railroad, or into or through which any corporation operating a system for the transmission of electric current between two or more incorporated cities in the state shall have heretofore built, or into or through which any such corporation may propose to build its transmission lines, are hereby authorized and empowered upon such terms and conditions, as any such city may by ordinance prescribe, to grant franchises to such interurban railroad companies and transmission corporations for any public utility purposes for which they are or hereafter may be incorporated, for a period not greater than the time for which the charter under which said company or corporation is then operating shall continue to run but in no case to exceed 35 years: *Provided,* That such franchise shall not be granted until notice of the proposition to grant the same has been given for twenty days by publication in some newspaper in general circulation in such city, and if within said twenty days 10 per cent of the legal electors petition such city authorities to submit the same to a vote of the electors of the city, such city authorities shall submit said franchise proposition to a vote of the people before such franchise be granted and be governed by result of such vote." (Laws 1921, ch. 94, § 1.)

The question to be determined is whether under a statute requiring an election to be called if petitioned for by a stated proportion of the electors within a certain number of days from a fixed time, signatures to such petition can be withdrawn at the pleasure of the signers after the expiration of the period.

The appellees rely largely upon the language of this court that a petitioner ought to be permitted to have his name stricken from a petition "if his application therefor is made . . . prior to final action upon the petition." (*The State, ex rel., v. Eggleston,* 34 Kan. 714, 721, 10 Pac. 3.)' That language is correct and accurate as applied to the situation in which it was used—that arising under a statute authorizing or requiring the calling of an election whenever it should be petitioned for by a certain number of persons, without a definite limit as to the time within which the petition should be presented. It does not apply where as in this instance all right to add names to the petition expires at a given time. In the opinion from which the foregoing quotation is made the reason for the rule adopted was thus stated. "The purpose of the petition prescribed by the statute is to enable the county board to determine what the will of the people is in that regard, and whether the number of legal electors required by the statute are at the time of final action thereon, in favor of calling the election." (p. 720.) If after a fixed date names could be withdrawn from a petition but none could be added to it, the number remaining after withdrawals had been made

would not necessarily show the condition of popular opinion at some subsequent time. It seems to the court that the appellees recognize the force of this distinction by saying in their brief that an election ought not to be called "unless at the very time for ordering the election the required number of electors do in fact desire it." A petition could hardly be expected to show how many persons at the very time of ordering an election in fact desire it when its opponents could withdraw their names and its advocates could not add theirs. That the rule invoked is based upon the theory of co-existent rights of withdrawing names and of adding them is suggested in a later case where an attempt was made to withdraw and add names after a petition had been acted upon, and the court said:

"The purpose of the petition is to move the school district board to make the application to the state board, and that purpose had been subserved when the prayer of the petition was granted and the application made. At that time no petitioner had added or withdrawn his name from the petition." (*Cowles v. School District,* 88 Kan. 603, 607, 129 Pac. 176.)

So the court has said in construing the statute (Gen. Stat. 1915, § 1837) authorizing the amendment of a recall petition by the addition of new names within ten days after it had been found insufficient in its original form: "By analogy, we think the electors of the city in this case had a right to produce additional petitions for the recall, and that persons who had signed the petition for recall had the right to revoke their action during and not after the ten days which were allowed by the statute for the amendment after the first petition had been held by the city clerk as insufficient." (*Hay v. Dorn,* 93 Kan. 392, 397, 144 Pac. 235.) And with respect to a statute (Gen. Stat. 1915, § 1420) allowing a street improvement to be made unless protested against by a majority of resident owners within 20 days from a publication: "After filing their remonstrances they could rightfully withdraw their names therefrom at any time before the expiration of the twenty-day period." (*Rodgers v. Ottawa,* 83 Kan. 176, 179, 109 Pac. 765.) And in a case arising under the same statute in an amended form (Laws 1911, ch. 110, § 1):

"The cases of *The State, ex rel.,* v. *Eggleston,* 34 Kan. 714, 10 Pac. 3, and *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176, are cited as showing by analogy that the city council should have regarded the protest even if filed more than twenty days after the last publication of the resolution. The statute in this case prescribed a certain number of days for the filing of remonstrances. This does not appear to be true of either of the cases cited. Where a provision is made that a certain act shall be authorized by a majority of the taxpayers or of petitioners without any limitation of the time, the purpose of the

law will be interpreted, as in the cases cited, that changes may be made before the petition or remonstrances is acted upon by the proper authority. We do not feel justified, however, in changing the express provision of the statute by interpretation." (*Price v. City of McPherson,* 92 Kan. 82, 84, 139 Pac. 1162.)

Here the obligation to call an election arises when at the expiration of the twenty-day limit a petition is on file containing the requisite number of valid signatures. The status requiring an election is then established, jurisdiction and duty to call it attach at that moment and are not affected by subsequent changes.

We discover no case in which a contrary view has been taken of a similar statute, where the effect of the time limit upon presenting the petition or adding to its signatures has been discussed. If any such exist the views already stated preclude our following them. It seems unnecessary to discuss at length the many decisions on related questions arising under various statutes. (See note, 11 L. R. A., n. s., 372.)

The judgment is reversed and the cause is remanded with directions to overrule the demurrer to the petition.

HOPKINS, J., not sitting.