No. 37,180

THE STATE OF KANSAS, ex rel. Barnes Griffith, County Attorney of Crawford County, *Plaintiff*, v. THE CITY OF WALNUT, GUS KALBE, as Mayor, DR. J. W. MOORE et al. as Members of the Council of the City of Walnut, *Defendants.*

(201 P. 2d 635)

Opinion filed January 22, 1949.

*Barnes Griffith,* county attorney, *Joe F. Balch* and *Robert L. Briley,* both of Chanute, were on the briefs for the plaintiff.

*George F. Beezley,* of Girard, was on the briefs for the defendants.

The opinion of the court was delivered by

WEDELL J.: This is an original proceeding in mandamus instituted by the state on the relation of the county attorney of Crawford county, under the provisions of G. S. 1947 Supp. 12-2001, in which it is sought to compel the governing body of the city of Walnut to submit to a popular vote the question of granting a franchise to certain parties for the construction and operation of an electric light plant.

The case was here before and we issued an alternative writ. The city challenged that writ by motion to quash. We held the allegations of the motion for the writ were sufficient. (*State, ex rel., v. City of Walnut,* 165 Kan. 205, 193 P. 2d 172.) Thereafter the defendants, the mayor and members of the city council, filed an answer. They now contend such answer constitutes a full defense to plaintiff's action and that they should not be required to submit the franchise ordinance to a popular vote.

This contention requires an examination of the pleadings. Time and space required to set forth most of the answer may be conserved by a statement of a fundamental principle of law and an admission concerning the sufficiency of a particular portion of the answer involving that principle of law. It is well established that when a petition is presented to municipal authorities to submit a franchise ordinance to a popular vote the decision of the governing body with respect to the sufficiency or insufficiency of such petition is binding upon the parties and conclusive on the courts unless it be shown the decision was actuated by fraud or some misconduct which is the substantial equivalent of fraud. (*State, ex rel., v. Electric Power Co.,* 116 Kan. 70, 226 Pac. 254; *State, ex rel., v. Dunn,* 118 Kan. 184, 235 Pac. 132; *State, ex rel., v. City of Hutchinson,* 137 Kan. 231, 19 P. 2d 714; *State, ex rel., v. City of Walnut,* supra.) We think it must be admitted the answer contains averments indicating the defendants in good faith struck from the referendum petition the names of eleven signers which, in their opinion after investigation, were not legally qualified electors. We therefore proceed to a consideration of what we regard as the only remaining issue.

The petition for a popular vote showed the signatures of 102 per-

sons. The elimination of the eleven mentioned signatures reduced, the signers to ninety-one which, it is admitted, constituted twenty percent of the electors who voted for the mayor at the last preceding election. If all remaining signatures on the petition were valid the defendants would have been obliged to submit the franchise ordinance to a popular vote. (G. S. 1947 Supp. 12-2001, *Sixth.*)

The ordinance granting the franchise to W. F. O'Brien and Clell McClung, doing business as The Walnut Gas and Electric Company, for a twenty-year period was passed July 14, 1947. The ordinance provided the franchise should become effective sixty days after its passage. That period terminated at the end of September 12, 1947. Within the sixty-day period a petition to submit the franchise ordinance to a popular vote could be filed (G. S. 1947 Supp. 12-2001, *Sixth*) and was filed on September 8, 1947. One day after the expiration of the sixty-day period, namely, on September 13, there was filed with the city clerk a written request of forty-four persons who had signed the referendum petition asking that their names be withdrawn therefrom. On September 22, 1947, defendants decided to omit the forty-four names from the count and they did so *by reason of the petition for withdrawal.* If those forty-four names were also properly withdrawn the petition lacked the necessary number of signers. The defendants decided the petition was insufficient and refused to call the election.

It will be observed the forty-four names, as previously indicated, were not removed from the petition by defendants on the grounds they, or any of them, were disqualified electors but solely by reason of the request that their names be withdrawn. Whether defendants had authority or jurisdiction to take such action after the termination of the sixty-day period presents purely a question of law. The mere fact defendants believed they had a right to omit such names in their count and did so in good faith would not render their action valid, if it was actually illegal to do so.

What jurisdiction did the governing body of the city have at the expiration of the sixty-day period other than to determine the sufficiency of the petition as of the designated date—the deadline—fixed by the legislature?

It should be conceded there are cases in this and other jurisdictions where the statute involved contained no time limit for the filing of a petition or remonstrance against a proposed ordinance and in which it was held changes might be made at any time before

the petition or remonstrance was finally acted upon by the proper authorities. Manifestly, no fruitful results can be had from a consideration of those decisions except as some of them may recognize a contrary rule under statutes containing a specific time limitation.

We shall approach the problem realistically. Where the statute, as the one before us, contains an express time limitation for the filing of a petition for a popular vote, what jurisdiction could the governing body acquire over names not then on the petition? Manifestly, the governing body could consider no new names added to the petition after the legislative deadline had passed. On what theory could it then acquire jurisdiction to permit the withdrawal of names thereafter? If it had none to do the first we see no logical reason for concluding it had jurisdiction to do the second. If it had jurisdiction to permit the withdrawal of names after the deadline, but none to permit the adding of new names thereafter, a popular election might be defeated easily by persons signing a petition, intending to lull additional possible signers into a sense of confidence that the election was assured, and then withdrawing their names after the time had passed for additional names to be added. We think the legislature did not intend to permit such a result.

In view of the careful treatment the subject has previously received by this court in a discriminating opinion dealing with related statutes we think it is unnecessary to labor the point. In *State, ex rel., v. City of Independence*, 114 Kan. 837, 221 Pac. 245, it was held:

"Under a statute requiring an election to be called if petitioned for by a stated proportion of the legal electors within a certain number of days from a fixed time, signatures to such petition cannot be withdrawn at the pleasure of the signers after the expiration of such period." (Syl.)

No persuasive reason is now advanced for departing from that rule and we perceive none.

The writ is allowed.