On March 29, 1955, the plaintiffs applied to the town plan and zoning commission of the town of Fairfield for a change of zone from residence A to neighborhood business district No. 1 zone on certain property located on the southwest side of Black Rock Turnpike, between Stillson Road and Burroughs Road, in the town of Fairfield. The purpose of the proposed zone change was to extend the neighborhood business No. 1 zone to a depth of 500 feet, instead of the 200 feet now permitted.
Pursuant to the plaintiffs' application, the commission advertised a notice of public hearing to be held on June 21, 1955. This notice, in addition to the requested change to 500 feet, also contained an alternative change to 400 feet for the same property and two other proposed changes affecting other property in the same area.
The record is complete and quite adequate. It discloses that a full and lengthy hearing was held on June 21, 1955, on the various proposed zone changes. Counsel representing both the plaintiffs and protesting property owners made numerous and lengthy *Page 79 
statements to the commission. Many persons who either favored or opposed the proposed changes were likewise heard by the commission.
A petition signed by numerous property owners and residents in the area opposing three of the zone changes was filed at the public hearing with the commission. After a full hearing on the various proposals, the commission closed the public hearing.
On July 20, 1955, the commission met in executive session. On that day the commission had received in writing a request by some of the signers of the protest petition to remove their names therefrom. There was discussion by the commission as to whether or not, based on the protest petition, any zone changes would have to be adopted by a three-fourths vote. Likewise, there was discussion as to the attempted withdrawal of names by certain persons who had signed the protest petition. The commission voted four to three in favor of the change of zone to a depth of 400 feet (item 2 in the notice of public hearing). The commission, however, voted to have the town engineer determine if the protest petition constituted the necessary 20 per cent requirement under the statute to require a three-fourths vote to adopt the proposed change.
At an executive session held by the commission on July 27, 1955, based on the town engineer's computations and findings that the protestants who signed and filed the protest petition at the public hearing represented the owners of 20.579 per cent of the area of lots within 500 feet of the proposed zoning change in item 2, the commission unanimously voted that the four to three vote of the commission in favor of the proposed change resulted in failure to adopt the change.
The instant appeal to this court is based on the attempted withdrawal of some of the signatures on the *Page 80 
protest petition. This withdrawal petition was not filed at the public hearing on June 21, 1955, but was received by the commission on July 20, 1955, prior to the executive session of that date.
It is agreed by counsel that 20.579 per cent of the required landowners signed the protest petition which was filed at the public hearing. It is also conceded that if three of the property owners who requested the commission to permit them to withdraw their names from the protest petition were permitted to do so, the opposition to the proposed change would have been less than the required 20 per cent under § 375d of the 1955 Cumulative Supplement to the General Statutes. The pertinent provision of § 375d states: "If a protest is filed at such hearing with the zoning commission against such change signed by the owners of twenty per cent or more of the area . . . of the lots within five hundred feet in any direction of the property included in the proposed change, such change shall not be adopted except by a vote of three-fourths of all the members of the zoning commission."
The plaintiffs have appealed from the action of the defendant commission in not allowing the withdrawal of certain names from the protest petition, in that the opposition would have less than the required 20 per cent and the vote of four to three would have granted the application, and that in denying the application the commission acted illegally, arbitrarily and in abuse of the discretion vested in it. The defendants Irving Moorin and Arthur J. Yurdin were permitted to intervene as parties defendant.
The primary issue is whether or not the commission acted properly in refusing to permit certain names to be withdrawn from the protest petition after the close of the public hearing on June 21, 1955. *Page 81 
The document requesting such withdrawal was not received by the commission until July 20, 1955, the same date on which the executive session was held. The record discloses that the commission at such session considered the attempted withdrawal but after due deliberation refused to allow the names to be withdrawn.
The history of § 375d reveals that it was first enacted as chapter 242 of the Public Acts of 1925, § 5 of which stated: "If a protest shall be filed with the zoning authority . . . ." It appeared as § 425 of the 1930 Revision and was amended in 1939 by § 132e, which retained the language of the 1925 act. In 1947 the terminology was changed under § 123i, which became § 838 of the 1949 Revision. In 1951, numerous changes were made by § 157b, and the language has remained the same under § 375d of the 1955 Cumulative Supplement. The most important and significant change was made in 1951, when the words "at such hearing" were added under § 157b.
From such examination of the legislative history, it can be seen that under § 838 of the 1949 Revision there is no time limitation placed upon the filing of a protest with the zoning commission. Section 375d, however, specifically provides for a protest to be filed at the public hearing.
Kirkham v. Finnemore, 16 Conn. Sup. 38 (Super. Court 1948), is the only reported case in Connecticut which is susceptible of comparison to the instant case. The plaintiffs appear to rely to some extent upon it. The court, however, does not find it to be comparable to any great extent to the case at bar. Kirkham v.Finnemore, supra, was decided in 1948, when the statute did not contain the words "at such hearing." As previously pointed out, these words were first written into the law in 1951. In the Kirkham case, the court, moreover, held that the commission had *Page 82 
reopened the entire matter and held a second public hearing on it. Thus a protest filed before the second hearing was sufficient to change the vote requirements. Both the facts and the law are different under that case and the one under consideration by the court.
An examination of the law of other jurisdictions indicates that many of the cases hold that once a petition has been filed, names may not be withdrawn, notwithstanding that the body to whom the petition is brought has not taken final action. The other principle enunciated in numerous cases is that where a duly designated date for filing petitions has terminated, signatures cannot be withdrawn after such date.
The question is, of course, largely influenced by the nature of the proceeding involved and the terms of the statute under which it is instituted. Note, 126 A.L.R. 1031. The cases cited in 126 A.L.R. 1031 cover the general scope of withdrawals. From the annotation it would appear the weight of authority supports the rule that withdrawals are not permitted from protest petitions for various reasons. At page 1067, it is stated: "After the expiration of the time prescribed by statute for the filing of a petition or remonstrance the majority of the courts hold that no withdrawals will be permitted even though the instrument has not been acted upon."
In 27 A.L.R.2d 604, 608, 622, it is affirmed that most jurisdictions do not permit withdrawals after the filing of the protest, particularly where it must be filed by a certain time. Objecting petitions filed or presented after the hearing are properly rejected, where the statute requires filing of such petitions before the time for hearing. A statutory provision relating to time of filing objections to incorporation has been held not merely directory. *Page 83 In re Incorporation of Village of Twin Lakes,226 Wis. 505; 1 McQuillin, Municipal Corporations (3d Ed.) p. 567. The protest or remonstrance must be filed within the time prescribed by the statute, with the proper appeal, and, if not so filed, the city may proceed with the improvement. 63 C.J.S. 751.
An examination of the law in other jurisdictions indicates that the following cited cases are among those which subscribe to the proposition that once a petition has been filed, names may not be withdrawn, even though the governmental authority to whom the petition is addressed has not taken final action. Uhl v. Collins, 217 Cal. 1; Rogers v. Board ofDirectors of Pasadena, 218 Cal. 221; Knowlton v.Hezmalhalch, 32 Cal.App.2d 419; Sterling v. Jones,87 Md. 141; Coghlan v. Cuskelly, 62 N.D. 275.
As for the proposition that once the time for filing a petition has terminated, no names can be withdrawn from a petition previously filed, see State exrel. Harry v. Ice, 207 Ind. 65; State ex rel. Griffith
v. Walnut, 166 Kan. 296; Commonwealth ex rel.Meredith v. Fife, 288 Ky. 292; Chester v. Einarson,76 N.D. 205; State ex rel. Tegt v. Circuit Court,255 Wis. 501; Texas Power Light Co. v. BrownwoodPublic Service Co., 87 S.W.2d 557.
The cases cited in the plaintiffs' brief, in the jurisdictions of Nebraska, Minnesota and North Dakota, respectively, do not appear analogous to the instant case. In each of these cited cases, one very important element among others is lacking, namely, no statutory provision is present limiting the time for filing a protest.
The court is unable to agree with the interpretation placed on the word "hearing" by the plaintiffs. They contend that by using the word "hearing" the legislature merely meant that a protest petition must be filed with the commission before *Page 84 
final action has been taken. If this position were valid, it is obvious that the words "at such hearing," specifically enacted in 1951, would mean absolutely nothing.
To the contrary, the court construes § 375d as placing a definite time limitation upon the filing of a protest. Such a protest must be filed at the public hearing. Once the public meeting has been closed or concluded, no changes or additions can be made by the protestants. By the same reasoning, it follows that after the public hearing, no protestant should be permitted to withdraw his name from the petition. It is plain to see that if protestants were permitted to withdraw names after the public hearing, then persons on the other side would seek to add names in support of their position. Such a situation could lead to a status where it would be most difficult to obtain finality. It would lead to havoc and confusion in zoning matters. The court cannot contemplate that the legislature intended this should occur when it enacted the words "at such hearing" into the existing law in 1951.
The language used in § 375d is clear and unambiguous. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 8890. If the language in the text of the statute is clear, there is no occasion to resort to other aids to interpretation. State v.Murzyn, 142 Conn. 329, 334. A statute is to be construed so as to carry out the intent of the legislature. The intent is ascertained from the act itself, if the language is plain, otherwise by considering the act in the light of all its provisions, the object sought to be accomplished, pre-existing legislation upon the same subject and other relevant circumstances.Bridgeport v. Stratford, 142 Conn. 634,641. *Page 85 
The court can foresee the withdrawal of names from a protest petition in a case of proven fraud at a public hearing. However, in the instant case, the amended pleadings agreed to by counsel leave no such claim in the case. The plaintiffs are left only with their claims that the protest petition was not clear, misunderstood and signed in haste. The facts do not support such claims, and the court finds no merit to them.
The commission found that the protest petition filed at the public hearing in opposition to the proposed zone change was signed by the owners of 20 per cent or more of the lots within 500 feet of the property included in the proposed change. Such change, therefore, could not be adopted except by a vote of three-fourths of all the members of the zoning commission.
The court finds the commission acted legally, properly, and did not abuse its discretion in refusing to permit the withdrawal of certain names from the protest petition, and in denying the plaintiffs' application.
The instant case, and case No. 64786, IrvingMoorin v. Town Plan Zoning Commission (Superior Court, Fairfield County), were submitted and heard by the court on the same record. Counsel agreed that, in the event the court dismissed the plaintiffs' appeal in the case at bar, on the procedural question involved, there would be no necessity for the court to determine the issue raised in case No. 64786. In addition, counsel for the plaintiffs in case No. 64786 requested that no judgment is necessary or desirable in the event the appeal in the case at bar is dismissed. The court will act accordingly.
 In case No. 64573,