[Civ. No. 929. Second Appellate District.—February 20, 1911.]

## G. W. RUSHTON et al., Appellants, v. HARRY J. LELANDER, City Clerk of City of Los Angeles, Respondent.

MUNICIPAL CHARTER OF LOS ANGELES—INITIATIVE AND REFERENDUM SECTIONS—CONSTRUCTION AND EFFECT.—Section 198a of the municipal charter of the city of Los Angeles, allowing indefinite amendments to a petition for the initiative of a municipal ordinance, does not apply to a petition invoking the referendum under section 198b of that charter, which must be filed before the end of the thirty-day limit, after which the ordinance becomes effective, notwithstanding a recital in that section that petitions for the referendum "shall be in all respects in accordance with the provisions of section 198a."

ID.—CONSTRUCTION OF REFERENDUM REFERENCE TO INITIATIVE SECTION—FORM OF ORIGINAL PETITION.—The provision in referendum section 198b of such charter that petitions therefor "shall be in all respects in accordance with the provisions of section 198a, except as to the percentage of signers, and be examined and certified by the clerk in all respects as therein provided," is to be construed as intended to refer solely to the form, substance and certification of the original petition provided for in section 198a, and not to the provision for unlimited amendment thereof.

ID.—REMEDY OF VOTERS AFTER ORDINANCE BECOMES EFFECTIVE.—There is no remedy by referendum after the ordinance becomes effective; but the only remedy of the voters thereafter is to inaugurate a repeal thereof under the initiative section of the charter.

ID.—IMPROPER REMEDY BY MANDAMUS.—*Mandamus* cannot be allowed to compel a referendum where no petitions were filed therefor within the thirty-day limit, upon the expiration of which the ordinance became effective, beyond the reach of a referendum.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, and John I. Stafford, for Appellants.

John W. Shenk, City Attorney, and Emmet H. Wilson, Chief Deputy, for Respondent.

ALLEN, P. J.—Appeal from a judgment discharging an alternative writ of *mandamus,* and for costs expended.

The petition, the basis for the issuance of the alternative writ, discloses that the freeholders' charter of Los Angeles city contains certain provisions with reference to the initiative and referendum; the first thereof having reference to the initiative is found in section 198a, which provides: "The signatures to the petition need not all be appended to one paper, but each signer shall add to his signature his place of residence, giving the street and number. *One of the signers of each such paper* shall make oath before an officer competent to administer oaths, that the statements therein made are true, and that each signature to the paper appended is the genuine signature of the person whose name purports to be thereunto subscribed. Within ten days from the date of filing such petition the city clerk shall examine and from the great register ascertain whether or not said petition is signed by the requisite number of qualified electors, . . . and he shall attach to said petition his certificate showing the result of said examination. If, by the clerk's certificate, the petition is shown to be insufficient, it may be amended within ten days from the date of such certificate. The clerk shall, within ten days after such amendment, make like examination of the amended petition, and if his certificate shall show the same to be insufficient, it shall be returned to the person filing the same, without prejudice, however, to the filing of a new petition to the same effect."

Another provision of the charter, section 198b, is with reference to the referendum. This provides, with reference to the character of ordinances under consideration: "No ordinance passed by the city council . . . shall go into effect before thirty days from the time of its final passage and its approval by the mayor, and if during said thirty days a petition signed by electors of the city equal in number to at least

seven per cent of the entire vote cast for all candidates for mayor at the last preceding general election at which a mayor was elected, protesting against the passage of such ordinance, be presented to the council, the same shall thereupon be suspended from going into operation, and it shall be the duty of the council to reconsider such ordinance, and if the same is not entirely repealed, the council shall submit the ordinance, as is provided in section 198a of this charter, to the vote of the electors of the city. . . . Said petition shall be in all respects in accordance with the provisions of said section 198a, except as to the percentage of signers, and be examined and certified by the clerk in all respects as is therein provided.''

Further, that on April 22, 1910, a certain ordinance, having theretofore been passed by the city council, was approved by the mayor. That on May 20, 1910, plaintiff and others filed with the defendant city clerk of Los Angeles certain separate papers, the aggregate thereof constituting a petition, protesting against the passage of such ordinance; that such petition in the aggregate contained the percentage of electors required by section 198b, but the separate papers, or many of them, so filed as a petition, were not verified by one of the signers of such separate paper; that by reason thereof the clerk, on May 26, 1910, certified to the council the insufficiency of the petition. Thereafter, and after the lapse of more than thirty days from the approval of the ordinance, plaintiffs and others who had originally signed said papers, asked to amend the same by adding thereto the name of the party verifying each separate paper, so as to make such party a petitioner in the separate paper so by him verified. This was denied, and thereafter, on June 4, 1910, plaintiffs presented to the clerk other papers containing the names of electors, each of which papers was verified by a signer thereof; but upon examination the clerk found that these signatures were in duplicate, that many of the persons verifying what was termed the ''amended papers'' were signers upon the original papers on file constituting the first petition, and for that reason the clerk declared the amended petition insufficient. Plaintiffs, therefore, pray for a writ of mandate directing the city clerk to allow the persons who filed written demands therefor to amend said petition by signing their names, streets and num-

bers to the body thereof, and that the clerk be forthwith
required to compare the names annexed to all the petitions
filed with him with the great register of Los Angeles county,
to ascertain whether or not said petition is signed by the
requisite number of qualified electors, and if so found suffi-
cient, that he submit same to the city council without delay.

The proper construction to be given section 198b, and with
reference to that portion thereof which provides, "said peti-
tion shall be in all respects in accordance with the provisions
of said section 198a, . . . and be examined and certified by
the clerk in all respects as is therein provided," presents the
question for determination upon this appeal. It is insisted
by appellants that this last-quoted portion of section 198b
authorizes the amendment of a petition under that section in
the manner and to the extent provided by section 198a. We
are of opinion that such was not the intent of the framers of
the charter, or of the electors who adopted the same; that
the words "said petition shall be in all respects," etc., "and
be examined and certified," etc., refer solely to the original
petition provided for by section 198a, and refer solely to
the form, substance and certification of such original petition;
that it is obvious that that portion of section 198a permitting
amendments after thirty days cannot and does not apply to
a petition which seeks to invoke the referendum. This is
apparent from the provision of the section generally, to the
effect that the ordinance passed shall not go into effect before
thirty days, and that thirty days is the time given within
which the electors shall file their protests, and upon the filing
of which protests in the manner and form prescribed, and
in no other. event, is the ordinance suspended from operation
beyond the thirty days. It is plain that if the requisite peti-
tion constituting the protests be not filed within thirty days,
the ordinance becomes effective, and being so effective, the
referendum no longer applies to it, and if the elector desires
relief from its operation, such relief must be worked out
through the initiative section before referred to by a repeal
of such ordinance, brought about by the manner therein pro-
vided. Otherwise, an insignificant number of voters might
present a protest to the passage of an ordinance on the twenty-
ninth day after its approval, and the insufficient character
thereof being apparent, they could then file other and addi-

tional protests, each of which would have to be examined and certified, and if finally found insufficient, they should be returned to the protestants, without prejudice to the filing of a new petition to the same effect. In other words, by these obstructive methods a small minority of the electors might prevent an ordinance from becoming operative for a long period of time after the expiration of the time provided by the charter when the same should become operative. The same reasons do not apply to the initiative; that provides for the inauguration of new and independent legislation. No rights are affected, and no steps required to be taken until a petition of the requisite kind and character is on file. Interested parties might indulge in petitions without number, amend without limitation, commence and recommence proceedings under section 198a, without disturbing public affairs in the least. But such would not be the effect were the clause with reference to amendment to be construed as applying to the referendum. It is certainly beyond question that the original petition filed in this instance was not in the manner and form prescribed by the charter. Each separate paper was not verified by one of the signers thereof, which being true, it was of no effect as a protest under this section of the charter. The demand to amend is a tacit admission of the insufficiency of the original; otherwise, no reason suggests itself why a sufficient paper should be amended, or that a court should by its order compel consent thereto. There being, then, on file no protest or petition as by the charter provided, at the expiration of thirty days from the approval of the ordinance, the ordinance became effective and operative, and no amendment and no steps of any kind or character thereafter taken by the electors, under section 198b, could disturb the operative character of this ordinance so in effect. We think the court below properly determined that the original petition was insufficient, and that the clerk was warranted in so certifying. Being so insufficient, the ordinance taking effect thirty days after its approval, the clerk had no duty to perform in connection with so-called amendments of original petitions thereafter filed with reference to such ordinance, and that the ordinance having taken effect within the time provided by the charter, no authority or jurisdiction reposed in the city coun-

cil to order an election under section 198b through which the electors might annul the operative ordinance.

Judgment affirmed.

James, J., and Shaw, J., concurred.