[Civ. No. 7973. Second Appellate District, Division Two.—February 4, 1932.]

HORACE MANN, Appellant, v. J. OLIVER BRISON, City Clerk, etc., Respondent.

John J. Beck for Appellant.

Nowland M. Reid, City Attorney, Geo. W. Trammell, Jr., Assistant City Attorney, and Beach Yasey, Deputy City Attorney, for Respondent.

THOMPSON (IRA F.), J.—The petitioner sought in the court below a peremptory writ of mandate compelling the clerk of the city to certify the sufficiency of certain names signed on papers protesting against an ordinance adopted by the city council of Long Beach. The superior court denied the writ and petitioner prosecutes this appeal.

The sole question necessary to a disposal of the case involves the sufficiency of seventeen papers containing 3,113 signatures. It was stipulated by the parties that the "oaths to each of said papers was made by a person who was not a signer of the paper to which his said oath was appended. Each of the persons making oath to said seventeen (17) papers, as aforesaid, had signed another paper of said document but he was not one of the signers of the separate paper to which he made oath, as aforesaid". We should entertain grave doubt concerning the problem were it not for the fact that a provision of the Los Angeles charter practically *verbatim* with the present provision of the Long Beach charter with respect to the same question was before the court in *Rushton* v. *Lelander*, 15 Cal. App. 448 [115 Pac. 56, 57], and received a construction contrary to the appellant's contention. In that case the court stated the facts thus: " . . . [S]uch petition in the aggregate contained the percentage of electors required by section 198b, but the

separate papers, or many of them, so filed as a petition, were not verified by one of the signers of such separate paper; that by reason thereof the clerk . . . certified to the council the insufficiency of the petition'', and concluded with this statement of the law: ''It is certainly beyond question that the original petition filed in this instance was not in the manner and form prescribed by the charter. Each separate paper was not verified by one of the signers thereof, which being true, it was of no effect as a protest under this section of the charter. The demand to amend is a tacit admission of the insufficiency of the original; otherwise no reason suggests itself why a sufficient paper should be amended, or that a court should by its order compel consent thereto.'' ▮ The section of the Long Beach charter was adopted long after the decision just referred to and its wording is such that we cannot escape the conclusion that it was enacted under a well-known rule of law (see *Ocean Acc. & Guar. Co.* v. *Industrial Acc. Com.*, 173 Cal. 313 [L. R. A. 1917B, 336, 159 Pac. 1041]) with the intent of adopting the judicial construction placed upon its language in the foregoing authority. Nor can we agree with appellant that what is said concerning the sufficiency of the papers is *dictum*. It must be apparent that had the papers been sufficient in form the judgment denying the writ of mandate would not have been affirmed.

Judgment affirmed.

Works, P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 5, 1932, and the following opinion then ,rendered thereon:

THE COURT.—In denying a rehearing in this case it is proper to note the fact that the point and argument supporting it to the effect that the charter provision involved is unconstitutional is made for the first time in the petition for rehearing. ▮ It has been repeatedly stated that a rehearing will not be granted for the purpose of considering suggestions made under such circumstances. (*In re Novotny's Estate,* 94 Cal. App. 782–790 [271 Pac. 923, 273 Pac. 58], *Pasadena Ice Co.* v. *Reeder,* 206 Cal.

697–705 [275 Pac. 944, 276 Pac. 995], and *People* v. *New York Indemnity Co.,* 113 Cal. App. 487 [298 Pac. 849].)

Rehearing denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1932.

Preston, J., dissented.