Argued March 2; affirmed March 16, 1948

## STATE et al. v. GIBSON

191 P. (2d) 392

*F. Brock Miller,* of Portland, argued the cause for appellants. With him on the brief were William B. Adams, John B. McCourt, District Attorney for Multnomah County, and Charles E. Raymond, Deputy District Attorney, of Portland.

*John F. Reynolds* and *Marian F. Rushing,* of Port-

land, argued the cause for respondent. With John F. Reynolds on the brief were Lyman E. Latourette and Alexander G. Brown, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY and BRAND, Justices.

BELT, J.

This is a mandamus proceeding to compel the defendant Auditor to accept and file a petition for the purpose of invoking the referendum on Ordinance No. 85075, passed by the Council of the City of Portland and approved by the Mayor on May 21, 1947, entitled

"An Ordinance amending Ordinance No. 76398 (License and Business Code) concerning motor vehicles for hire so as to reduce the license fee for certain classes of vehicles and impose an occupation license upon the business of operating such vehicles and to increase the license fee for certain other classes of vehicles, and declaring an emergency."

It appears from the Second Amended Alternative Writ that the petition for referendum was presented by the relators to the defendant Auditor on June 30, 1947, and that the Auditor then and ever since such time has refused to file the petition.

A demurrer was interposed to this Alternative Writ on the grounds: (1) that the Ordinance declar-

ing an emergency was not subject to a referendum under Oregon Constitution, Art. IV, § 1; and (2) that the petition was not filed within thirty days after passage of the Ordinance, as required by § 81-2112, O. C. L. A., assuming that the emergency clause is invalid. The relators assert: (1) that the Ordinance in question was enacted for the purpose of raising revenue and that, therefore, the emergency clause is invalid; (2) that the reason given by the Council for the declaration of an emergency is sham and frivolous and was made for the purpose of depriving the voters of their right to exercise the referendum; and (3) that the petition was timely filed.

The circuit court sustained the demurrer on the ground that the petition was not filed within the time required by statute and, upon the refusal of the relators to plead further, dismissed the Writ and the petition upon which it was based. From this decree of dismissal, the plaintiff relators have appealed.

◼ We will consider the sole question as to whether the petition for referendum was timely filed. If the petition was not filed within the time required by law, it would have no effect in suspending the operation of the Ordinance. If the declaration of emergency is valid, the Ordinance went into effect immediately upon its passage. If the declaration of emergency is invalid, it does not follow that the Ordinance in its entirety is void, but merely postpones the time when it shall go into effect.

◼◼ Assuming, but not deciding, that the Council had no valid reason for declaring an emergency, we think the Ordinance went into effect thirty days after its passage and that the petition presented for filing was too late. It is well settled that a statutory enactment prescribing the time within which such petition

must be filed is mandatory and jurisdictional. *Henderson v. City of Salem,* 137 Or. 541, 1 P. (2d) 128, 4 P. (2d) 321; *Kelty v. City Clerk of Lowell,* 223 Mass. 369, 111 N.E. 857; *Ferle v. Parsons,* 210 Mich. 150, 177 N.W. 397; 37 Am. Jur. 850, § 215; 43 C. J. 576; § 923; 2 McQuillin, Municipal Corporations (2nd ed.) 803, § 730. If the petition was not filed within the time specified, the Ordinance became a law and was not subject to the referendum.

The initiative and referendum are, by virtue of Art. IV, § 1a of the Constitution of Oregon, reserved to the legal voters of municipalities as to all local and municipal legislation, and it is provided therein that:

"The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation."

Sec. 81-2111, O. C. L. A., provides in part as follows:

"The provisions of this act shall apply in every city and town in all matters concerning the operation of the initiative and referendum in its municipal legislation, on which such city or town has not made or does not make conflicting provisions."

Sec. 81-2112, O. C. L. A., in so far as is material herein, provides:

" * * * the petition shall be filed with the * * * auditor * * * within thirty days after the passage of such ordinance * * * *. No city ordinance * * * shall take effect and become operative until thirty days after its passage by the council and approval by the mayor * * * *."

Art. I, § 2-134 of the Charter of the City of Portland provides:

"Ordinances (a) making appropriations and the

annual tax levy, (b) relative to local improvements and assessments therefor, and (c) emergency ordinances, shall take effect immediately upon their passage. All other ordinances enacted by the council shall take effect thirty days after their passage, unless a later date is fixed therein, in which event they shall take effect at such later date, subject to the referendum and subject to the provisions of section 52 (2-135) of this charter.'' (Sec. 2-135 of the Charter has no relevancy to the matter under consideration.)

The city of Portland does not provide a complete procedure for the exercise of the initiative and referendum. If there was a conflict between the general statute (§ 81-2112, O. C. L. A.) and an ordinance of the city of Portland relative to the time in which the petition is required to be filed, the ordinance would control. *Seufert v. Stadelman,* 178 Or. 646, 167 P. (2d) 936; *Thompson v. Nelson,* 155 Or. 43, 62 P. (2d) 267; *State ex rel. Huckestein v. Poulsen,* 140 Or. 623, 15 P. (2d) 372; *Curtis v. Tillamook City,* 88 Or. 443, 171 P. 574, 172 P. 122. However, in the instant case there is no conflict. There is no ordinance of the city of Portland prescribing the time for filing a petition for referendum on such "municipal legislation."

■ The relators rely on Ordinance No. 83004 of the City of Portland, which provides:

"Petitions for proposed ordinances or charter amendments by the initiative, and petitions for submitting ordinances for the referendum shall be *presented* to the Auditor with verifications complete not later than the 80th day before the next ensuing nonpartisan primary or general election, or not later than the 60th day before the next ensuing special election at which such proposed ordinances or amendments are to be submitted or referred to the voters. The auditor shall, after verifying the

number and genuineness of the signatures, and finding same sufficient, forthwith and not later than 20 days before the next ensuing election, cause the full text, ballot title, and number of each measure to be printed in the city official newspaper for 2 consecutive publications.'' (Italics ours.)

In our opinion the purpose of the above Ordinance is entirely different from that of § 81-2112, O. C. L. A., requiring the petition to be filed within thirty days after the passage of the ordinance. The purpose of the above Ordinance was to provide a period before the election in which necessary steps may be taken by the proper city officials to check the names on the petition with the registration records, do the necessary printing, and have the election notices posted in time before the election. The purpose of the general statutory provision was to give the voters time for invoking the referendum after the passage of the ordinance. *Campbell v. City of Eugene,* 116 Or. 264, 240 P. 418.

In view of the conclusion that the petition for referendum was not timely filed, we deem it unnecessary to consider the question as to the validity of the emergency clause in the Ordinance.

It follows that the decree dismissing the Alternative Writ is affirmed.