99 N.E.2d 479 (1951)
155 Ohio St. 491
STATE ex rel. KURTZ
v.
SHAFFER, Clerk of the City Comm., et al.
No. 32427.
Supreme Court of Ohio.
May 31, 1951.
*481 John H. Seip, Springfield, for relator.
Thos. D. Hodge, Robert C. Acton, Richard T. Cole, Stanley N. Husted, Prosecuting Atty., and Glenn E. Detling, all of Springfield, for respondents.
MIDDLETON, Judge.
Several legal questions are raised by the relator in argument. Some of them are not controlling and need not be discussed.
It is argued that all the initiative sections of the charter are unconstitutional because of the requirement that the number of signatures be based upon the number of electors registered at the county board of elections on the day the petition is filed. Such provision is not unreasonable and is not in conflict with any provision of the Ohio Constitution. Furthermore, the relator has no standing to challenge the constitutionality of the initiative provisions of the city charter while seeking to compel the city officials and board of elections to effectuate those provisions. State ex rel. Synod of Ohio of United Lutheran Church in America v. Joseph et al., Comm. of Village of Upper Arlington, 139 Ohio St. 229, 39 N.E.2d 515, 138 A.L. R. 1274.
The relator contends that the city commission had no right to determine the validity of the signatures on the petition. It was not only the right but the duty of the commission to have the signatures on the petition checked under its supervision. Although there is vested in the citizens of the city of Springfield the right to propose legislation by initiative petition, such right must be exercised in conformity with the provisions of the city charter and it is the duty of the commission to determine that this has been done. State ex rel. Hinchliffe v. Gibbons et al., City Council of Cleveland, 116 Ohio St. 390, 156 N.E. 455; *482 State ex rel. Waltz, a Taxpayer, v. Michell, 124 Ohio St. 161, 177 N.E. 214; State ex rel. Kittel, a Taxpayer, v. Bigelow et al., Counsel of City of Cincinnati, 138 Ohio St. 497, 37 N.E.2d 41.
Any question as to whether the proposal of an ordinance by initiative in a charter city is governed by the provisions of the city charter or by the initiative provisions of the General Code is settled by Section 4227-12, General Code, which provides:
"The provisions of sections 4227-1 to 4227-13 inclusive shall not apply to any municipality that has or may hereafter adopt its own charter which contains an initiative and referendum provision for its own ordinances and other legislative measures."
The remaining important question to be determined by this court is the sufficiency of the initiative petition filed August 21, 1950. The city charter clearly requires that the petition be signed by at least five per cent of the total number of registered voters in the municipality. There were 31,345 registered voters. Five per cent thereof is 1,568. Following the filing of the petition for mandamus herein depositions were taken on behalf of both relator and respondents for the purpose of testing by evidence the check made of the signatures upon the first petition and the validity of the signatures appearing thereon. A careful study and analysis of the evidence so produced in deposition form convince this court that the petition filed August 21, 1950, contained fewer than the required 1,568 valid signatures of registered voters of the city of Springfield.
This court finds upon the evidence as follows:
Eight signatures appearing on the petition were those of nonresidents of the city of Springfield.
One hundred and seventy signatures are found to be those of persons who were not registered voters. These signatures are invalidated both by the provisions of the city charter and by the terms of Section 4785-34, General Code.
Thirty-four signatures were not written in ink or indelible pencil as required by the city charter. A similar requirement, in connection with proposals of state legislation or constitutional amendments, is set forth in Section 1g, Article II of the Constitution of Ohio, which provides that "the names of all signers to such petitions shall be written in ink, each signer for himself." In construing that section of the Constitution this court held the use of an indelible pencil to be the equivalent of signing in ink. Thrailkill, a Taxpayer, v. Smith, Secy. of State, 106 Ohio St. 1, 138 N.E. 532. That each signature must be in ink or indelible pencil is mandatory. State ex rel. Smith v. Lloyd et al., Board of Deputy State Supervisors and Inspectors of Elections, 93 Ohio St. 20, 112 N.E. 141.
Four signatures were duplications and, therefore, invalid.
Forty-two signatures were found not to be the genuine signatures of the persons whose names appeared on the petition. The city charter requires that "each signer of a petition shall sign his name in ink or indelible pencil." (Emphasis supplied.) This requires that each person affix his own signature and invalidates those not so affixed.
In connection with three signatures, fictitious addresses were given. The charter requires that correct addresses be stated.
The foregoing list of invalid signatures totals 261. The validity of many other signatures is questioned but it is unnecessary to consider them.
The foregoing demonstrates conclusively that the city commission was justified in rejecting the petition on the ground that it did not contain the required number of valid signatures.
The provisions of section 55 of the city charter which create certain rights in petitioners upon the filing of a second petition after rejection of "the proposed ordinance" become operative only upon condition that the first petition conforms in all respects to the requirements of the charter and is valid. In this instance we do not have a situation where a valid and sufficient petition was filed and the ordinance proposed by that petition was rejected. On *483 the contrary, an insufficient petition was filed and was rejected by the city commission because of its insufficiency. The invalidity of the first petition was not and could not be cured by the filing of a second petition, even though the second petition might have contained a sufficient surplus of valid signatures to make up the deficiency in signatures on the first petition.
Under the circumstances as above stated, the clerk of the city commission was under no obligation to cause notice of filing of the demand for publication made by the relator or to certify the proposed ordinance to the board of elections, nor was the board of elections obligated to cause the proposed ordinance to be placed upon the ballot at any future election, regular or special.
The petition for writ of mandamus is denied.
Writ denied.
WEYGANDT, C. J., and STEWART, TAFT, MATTHIAS and HART, JJ., concur.
ZIMMERMAN, J., not participating.