Eugene G. Kochen et al., appellants, v. George W. Young, mayor, et al., appellees; Iowa Municipal Attorneys' Association, amicus curiae.

No. 50272.

(Reported in 107 N.W.2d 81)

January 11, 1961.

J. Frank Duggan, of Sioux City, for appellants.

Neil McCluhan, City Attorney of Sioux City, for appellees.

Robert J. Spayde, President, Iowa Municipal Attorneys' Association, of Oskaloosa, for amicus curiae.

OLIVER, J.—This is a suit by three electors and taxpayers of Sioux City, against the mayor, members of the city council and the city clerk, involving the proposed issuance, by the city, of Flood Protection Bonds in the amount of $2,850,000.

Count I of plaintiffs' petition sought to enjoin the issuance of the bonds without the approval of the voters of the city at a special election, allegedly required by a petition of voters, as provided by chapter 408A, Code of Iowa, 1958. Defendants pleaded the petition for an election was insufficient in form and substance, was not signed by the required number of electors and was not filed within the time required by statute.

Count II of the petition was based upon the same petition of electors as Count I and prayed that the question of issuing the bonds be submitted to the State Appeal Board as provided by sections 23.12 to 23.15, Code of Iowa, 1958. A defense pleaded to Count II was that no petition of *taxpayers* objecting to the issuance of the bonds, as required by section 23.13, had been filed.

Trial to the court resulted in judgment for defendants on each count and this appeal by plaintiffs. We agree with the decision of the trial court.

April 11, 1960, the city council adopted a resolution to meet on May 6, 1960, at four o'clock p.m. to conduct a public hearing

on a proposed, "Resolution Declaring Necessity for Improvements to the Floyd River for Flood Protection in the City of Sioux City, Iowa." At said May 6th meeting, notice of which had been given by publication, a resolution was adopted that the council meet May 24, 1960, at 4 p.m. and institute proceedings for the issuance of $2,850,000 Flood Protection Bonds, etc., and that the city clerk publish notice thereof, as follows:

"Notice of Meeting for Issuance of Flood Protection Bonds.

"The City Council of the City of Sioux City * * * will meet on the 24th day of May, 1960, at the Council Chamber * * * at four o'clock p.m., for the purpose of instituting proceedings and taking action for the issuance of $2,850,000 Flood Protection Bonds * * * for * * * improving the watercourse of the Floyd River in said City.

"At any time before the date of said meeting petitions objecting to the issuance of said bonds or asking that the question of issuing said bonds be submitted to the legal voters of said City may be filed with the City Clerk of said City pursuant to the provisions of sections 23.13 or 408A.2 of the Code of Iowa, 1958.

"By order of the City Council May 6, 1960. C. A. Norrbom, City Clerk."

This notice was published in the Sioux City Journal-Tribune May 7, 1960.

On May 24, shortly before the meeting of the council set for that day, a petition of several hundred electors asking for an election on the proposal to issue the bonds was filed with the city clerk. He brought it to the attention of the council at the meeting. Apparently the petition was filed under chapter 408A but it erroneously referred to chapter 403, of the Code. The council directed the clerk to check the petition and report at its regular meeting on May 31, 1960. The Resolution Initiating Proceedings for the Issuance of $2,850,000 Flood Protection Bonds for the City of Sioux City was deferred to May 31. This deferment was made to give the clerk time to check the petition.

At the meeting of the council on May 31, City Clerk Norrbom made a detailed written report on the petition which had been filed May 24. This report enumerated signatures made by others than the purported signers, signatures by persons not eli-

gible to vote, duplications and other errors, which reduced the number of valid signatures on the petition filed May 24 from 563 to a figure substantially below 554, the required number of petitioners. (However, on May 26 and May 31, petitions with additional signatures had been filed.) The report of City Clerk Norrbom was ordered received and filed and further hearing on the issuance of the bonds was ordered deferred until July 5, 1960, at 4 p.m.

At the meeting of the council on July 5, a resolution was adopted reciting that after careful investigation it was found, determined and declared, that no petition signed by five or more taxpayers, setting forth objections to the issuance of the bonds, had been filed as permitted by Code section 23.13 but on May 24 a purported petition asking for a special election on the question of issuing the bonds was filed, which was found and declared to be insufficient as to form, substance and number of signatures, within the meaning of chapter 408A of the Code, to require a special election, and such request was denied and the Flood Protection Bonds were ordered issued. This suit followed.

I. In the trial the pertinent records of the Council and City Clerk were placed in evidence and City Clerk Norrbom was a witness. He testified his check of Exhibit 1, the petition for special election filed May 24, indicated it contained the names of five persons who were not eligible to vote, eleven who signed twice, five who signed the name of his or her spouse, and that eight signatures were illegible and listed no street address or one found to be a vacant property. His testimony was corroborated by that of thirteen witnesses who testified they signed Exhibit 1 twice, nine who testified their names were not signed by them, and in most instances were without their knowledge, and four who testified they were not electors of Sioux City. There was no evidence to the contrary.

Section 408A.1, Code of Iowa, 1958, provides in part: "* * * before any city * * * shall institute proceedings for the issuance of bonds in the amounts hereinafter set forth, the governing body thereof shall cause a notice of the proposal to issue such bonds, * * * to be published at least once in a newspaper of general circulation within such municipality at least fifteen

days prior to the meeting at which it is proposed to take action for the issuance of such bonds: * * *

"In cities and towns having a population in excess of seventy-five thousand, seventy-five thousand dollars, or more.

"408A.2 * * * If at any time before the date fixed for taking action for the issuance of such bonds a petition is filed with the clerk or recorder of the municipality signed by qualified electors of the city or town equal in number to two per cent of those who voted for the office of governor at the last preceding general election as shown by the election registers or poll lists, asking that the question of issuing such bonds be submitted to the legal voters of the municipality, the governing body thereof shall either by resolution declare the proposal to issue the bonds to have been abandoned or shall call a special election to vote upon the question of issuing the bonds."

In this case the record shows, without dispute, that the minimum number of signatures required by the foregoing statute on such a petition, filed in Sioux City at that time, was 559, and that the number of valid signatures on Exhibit 1 when filed with the city clerk was not more than 530. Therefore, the record supports the finding of the city clerk and the finding and declaration of the city council that the petition for a special election filed May 24 did not contain a sufficient number of signatures of electors to require a referendum of voters as provided by section 408A.2, Code of Iowa, 1958.

The statute provides the petition for a special election may be filed, "at any time before the date fixed for taking action." Here the date for taking action had been fixed by Resolution of the Council as May 24, 1960. Any time before that date would be a time earlier than May 24, in other words, not later than May 23. Hence, the petition filed May 24 was not filed within the time required by Code section 408A.2.

It is the general rule that the time limit fixed by statute for filing a referendum petition is mandatory and jurisdictional. 62 C. J. S., Municipal Corporations, section 456 at page 876, section 456c(2) at page 882 in boldface; 37 Am. Jur., Municipal Corporations, section 215, page 850; 28 Am. Jur., Initiative, Referendum and Recall, section 28, page 455; 50 L. R. A., N. S., 221; L. R. A. 1917B 34; Ann. Cas. 1916B 824; 1 McQuillin on

Municipal Corporations, Third Ed., page 567; Dubyak v. Kovach, 164 Ohio St. 247, 129 N.E.2d 809; State ex rel. Byers v. Gibson, 183 Ore. 120, 191 P.2d 392, 393; In re Referendum, 383 Pa. 162, 117 A.2d 699; State ex rel. Griffith v. Walnut, 166 Kan. 296, 201 P.2d 635; Re Opinion of Justices, 114 Maine 557, 95 A. 869; Earp v. Riley, 40 Okla. 340, 138 P. 164; In re Loughmiller, 3 Ill. App.2d 146, 120 N.E.2d 683.

▆ Nor may an insufficient petition be made sufficient by amendment after the time limit for filing a petition has expired. 62 C. J. S., Municipal Corporations, section 456, at page 877; Ferle v. Parsons, 210 Mich. 150, 177 N.W. 397; Aad Temple Bldg. Assn. v. Duluth, 135 Minn. 221, 160 N.W. 682; Carriere v. Board of Registrars of Voters, 257 Mass. 287, 153 N.E. 564; State ex rel. Kurtz v. Shaffer, 155 Ohio St. 491, 99 N.E.2d 479, 482, 483.

We hold the petition for a special election was invalid because it was not filed within the time prescribed by the statute and also because, when filed, it did not contain the necessary number of valid signatures of electors of Sioux City.

▆ II. Appellants contend Exhibit 1, the petition filed with the city clerk May 24, and hereinbefore considered, was not only a petition for a special election, but also was a petition for a hearing before the State Appeal Board as provided by sections 23.13 to 23.15, Code of Iowa, 1958. This contention is without merit.

Code section 23.13 provides:

"At any time before the date fixed for the issuance of such bonds * * *, five or more taxpayers may file a petition in the office of the clerk or secretary of the municipality setting forth their objections thereto."

It will be observed this section authorizes a petition by *taxpayers*. The petition authorized by chapter 408A of the Code, and hereinbefore considered, is a petition by *electors*. Exhibit 1 consists of 29 pages of signatures fastened together, with a typewritten page on the front. Each page of signatures is on a mimeographed form with lines and spaces for 25 signatures. Each page is headed:

"Petition for Special Election for the Issuance of Bonds

under Chapter 403, 1958 Code of Iowa. To: Honorable Members of the City Council * * *.

"We, the undersigned qualified electors of the City of Sioux City, Iowa, do hereby ask and petition the City Council * * * for a special election on the proposal and question of issuing bonds in the amount of $2,850,000 * * * as is provided by Resolution No. 10236 as passed by the City Council * * *. Resolution Declaring the Necessity for Improvements to the Floyd River for Flood Protection * * *."

The typewritten front sheet is dated May 23, 1960, which is later than the dates of most of the signatures. It begins: "Herewith attached are several hundred names on a petition asking and demanding an election be held on the issuing of $2,850,000 bonds for the Floyd River Project * * *." It refers to the increasing tax load, states we taxpayers are in for another big increase, and vigorously assails the proposed improvement and expenditures.

However, it is unsigned and does not state by whom, for whom or why it was written, except, "herewith attached are * * * names on a petition asking * * * an election." It is obvious this front page could not have changed and did not attempt to change the petition of electors for a special election into a petition of taxpayers for a hearing before the Appeal Board. The reasoning and conclusion of the trial court upon this phase of the case were correct.—Affirmed.

All JUSTICES concur.