[No. 37592.    En Banc.    April 29, 1965.]

THE STATE OF WASHINGTON, *on the Relation of Richard L. Uhlman et al., Appellants,* v. JOSEPHINE MELTON, *Respondent.**

*Hugo Metzler, Jr.,* for appellants.

*Marshall McCormick* and *Robert R. Hamilton,* for respondent.

OTT, J.—This appeal is presented upon an agreed statement of facts which contains, *inter alia,* the following:

By ordinance No. 17376, the city council increased the business and occupation tax to persons engaged in the telephone business and to persons engaged in the distribution and sale of natural gas within the city of Tacoma.

*Reported in 401 P.2d 631.

By ordinance No. 17373, the city council increased license fees to persons engaged in certain businesses, trades, and occupations within the city of Tacoma.

These ordinances will hereinafter be referred to as the service tax ordinance and the license tax ordinance, respectively.

Article 2, § 2.13, of the charter of the city of Tacoma, provides in part:

Every ordinance shall, within ten days after its passage, be published once in the official newspaper of the city. Ordinances passed as emergency measures, or relating to local improvements and assessments and authorization of bonds therefor, or adopting annual budgets, or levying annual taxes, or making appropriations shall take effect immediately after publication. . . . All other ordinances shall take effect only after the expiration of ten days from publication, subject always to the provisions of this charter concerning referendum.

The service tax ordinance was passed June 25, 1963, and published June 26, 1963. This ordinance became effective at midnight, Saturday, July 6, 1963.

The license tax ordinance was passed June 25, 1963; it was published June 27, 1963, and became effective at midnight, Sunday, July 7, 1963.

The referendum provision of the charter (Art. 2, § 2.21) is as follows:

If, prior to the date when any ordinance shall take effect, a petition signed by qualified electors equal in number to at least ten per cent of the total vote cast in the last preceding councilmanic election shall be filed with the City Clerk and certified as to sufficiency of signatures, as in the case of an initiative ordinance, such ordinance shall be suspended from taking effect. The Council shall immediately reconsider the same, and, if it does not repeal such ordinance, it shall submit such ordinance to the qualified electors for their approval or rejection at the next general municipal election, occurring not less than fifty days thereafter, under a ballot title prepared by the City Attorney. Excluded from this referendum provision are those ordinances which take effect immediately after publication, as provided in Section 2.13 of this order.

The signatures of 4,257 qualified voters of the city of Tacoma on each of the referendum petitions were required to be filed in the office of the city clerk before the effective dates of the ordinances, in order to invoke the referendum provisions of the charter.

On Friday, July 5, 1963, at 4 p. m., Richard L. Uhlman, a resident taxpayer of Tacoma, and the Pierce County Taxpapers Association filed in the office of the city clerk petitions containing the signatures of 4,769 voters for referral of the service tax ordinance, and petitions containing the signatures of 3,382 voters for referral of the license tax ordinance.

The city clerk was requested to receive petitions on Saturday, July 6th, between 4 and 5 o'clock, when petitions containing the signatures of additional qualified voters would be presented. The clerk refused to keep the office open on Saturday and, when the petitions containing 1,323 and 1,305 additional signatures for referral of the service tax ordinance and the license tax ordinance, respectively, were delivered for filing before 5 o'clock on Saturday, July 6th, the office was closed. The petitions were filed on Monday, July 8, 1963, at 8:03 a. m.

The clerk canvassed the 4,769 signatures for the referral of the service tax ordinance, filed Friday, July 5th. The petitions contained only 4,174 valid signatures. The clerk refused to canvass the petitions filed on Monday, July 8th, and certified to the city council that the signatures on both petitions for referendum, which were timely filed, were insufficient.

Richard L. Uhlman and the Pierce County Taxpayers Association sought a writ of mandate to compel the city clerk to canvass the referendum petitions filed on Monday, July 8th.

The cause was tried to the court, and, from an order denying the writ and dismissing the cause with prejudice, the relators appeal.

Were the petitions for referral timely filed? The charter provisions of the article relating to referral of ordinances require (1) that the petitions contain sufficient signatures

of qualified voters, (2) that the petitions be filed in the office of the city clerk, and (3) that the filing date of the petitions be prior to the effective date of the ordinances.

RCW 35.21.175 provides:

All city and town offices shall be kept open for the transaction of business during such days and hours as the municipal legislative authority shall by ordinance prescribe.

Section 1.06.390 of the official code of the city of Tacoma provides in part:

All elected and appointed officers of the City of Tacoma shall keep their offices open for the transaction of business from eight a. m. to five p. m. of each business day, from Monday through Friday, holidays excepted. Ordinance No. 14190, § 1.

Relators concede that they failed to comply with the time requirement, but contend that, since they attempted to file petitions containing a sufficient number of qualified voters' signatures on a day when the office was not open for business,. but before the effective dates of the ordinances, such tender constituted a constructive filing which met the requirements of the charter.

The general rule does not support relators' contention.

62 C.J.S. *Municipal Corporations* § 456, p. 882, states:

There must be a compliance with constitutional, statutory, or charter provisions requiring petitions for referendum. to be filed within a designated time after the passage. of the ordinance, and prior to the date when it shall take effect, since such provisions are mandatory and jurisdictional, provided the time fixed is reasonable. If the requisite petition is not filed within the time specified, the rights with respect to the petition are gone, the ordinance becomes a law and is not subject to further reference, and the only remedy of the voters is to bring about a repeal thereof under the initiative section of the charter if there is one.

In 5 McQuillin, Municipal Corporations § 16.53, p. 249 (3d ed.) it is said:

Ordinarily, however, to exercise the power of referendum the first step is an appropriate petition signed by

the prescribed number of electors protesting against a particular ordinance or measure, which is presented to the legislative body, usually through a designated officer within a prescribed time. The requirement as to the time within which the petition of electors to review the action of the municipal legislative body must be filed generally "is mandatory, not merely directory and must be obeyed."

Accord, 28 Am. Jur. *Initiative, Referendum and Recall* § 28, p. 455; 37 Am. Jur. *Municipal Corporations* § 215, p. 850.

█ The rule that strict compliance with such statutory requirements is mandatory and jurisdictional, and that failure to so comply is fatal to the referral procedure has been adopted in many jurisdictions. *Kochen v. Young,* 252 Iowa 389, 107 N. W.2d 81 (1961); *In re Loughmiller,* 3 Ill. App. 2d 146, 120 N. E.2d 683 (1954); *State ex rel. Kurtz v. Shaffer,* 155 Ohio St. 491, 99 N. E.2d 479 (1951); *Pottsville Referendum Case,* 363 Pa. 460, 70 A.2d 651 (1950); *State ex rel. Griffith v. City of Walnut,* 166 Kan. 296, 201 P.2d 635 (1949); *State ex rel. Ryers v. Gibson,* 183 Ore. 120, 191 P.2d 392 (1948); *Kerley v. Wetherell,* 61 Idaho 31, 96 P.2d 503 (1939); *Carriere v. Board of Registrars of Voters of Fitchburg,* 257 Mass. 287, 153 N. E. 564 (1926); *Ferle v. Parsons,* 210 Mich. 150, 177 N. W. 397 (1920); *Aad Temple Bldg. Assn. v. City of Duluth,* 135 Minn. 221, 160 N. W. 682 (1916); *In re Opinion of the Justices,* 114 Me. 557, 95 Atl. 869 (1915); *Ralls v. Wyand,* 40 Okla. 323, 138 Pac. 158 (1914); *Earp v. Riley,* 40 Okla. 340, 138 Pac. 164 (1914); *Rushton v. Lelander,* 15 Cal. App. 448, 115 Pac. 56 (1911).

In *State ex rel. McQuesten v. Hinkle,* 130 Wash. 525, 228 Pac. 299 (1924), the candidate mailed his declaration of candidacy to the office of the Secretary of State. It arrived in Olympia on the last day for filing, but after the office had closed at 12 o'clock noon. The court held that the duty was upon the candidate to file his declaration within the statutory period, and that (p. 530)

he is also required to take notice of the established custom of Saturday afternoon closing; hence, if he chooses to wait

until the last day, he should have tendered his declaration within the hours when the secretary's office was customarily open for the transaction of business.

In *State ex rel. Earley v. Batchelor,* 15 Wn.2d 149, 130 P.2d 72 (1942), a similar issue was presented and the court again adhered to the principle that the statutory provisions relative to filing were mandatory; hence, fatal if not strictly observed.

The relators were fully aware that the clerk's office was not open for business on Saturday, July 6th, and that their request that it be opened for the sole purpose of accepting the additional petitions had been denied. Under the provisions of RCW 35.21.175 and § 1.06.390 of the city code, it was necessary for the relators to present the petitions containing the signatures of a sufficient number of qualified voters in the office of the city clerk for filing by 5 p.m. on Friday, July 5, 1963, in order to accomplish the filings before the effective dates of the ordinances.

The fact that the city manager happened to be in the hall in front of the clerk's office on Saturday, July 6th, at approximately 5 p.m., and refused to accept the petitions on behalf of the city clerk did not constitute a constructive filing. It was stipulated that Josephine Melton was the duly qualified and acting clerk of the city of Tacoma, appointed by and responsible to the city manager and to the city council, as provided by law. The mandate of the charter is that the petitions be filed with the city clerk. In this respect, there was no constructive delivery of the petitions to the proper officer. Further, assuming that the city manager is empowered to perform the duties of the city clerk in her absence, the office was legally closed at the time the petitions were presented to him in the hallway, and there was no statutory obligation which required him to open the office for the purpose of filing the proffered petitions.

Finally, relators argue that, with reference to the license tax ordinance, the tenth and last day for filing petitions fell on Sunday, July 7th, and that the filing of additional petitions on Monday was timely by virtue of RCW 1.12.040 which provides:

The time within which an act is to be done, as herein provided, shall be computed by excluding the first day, and including the last, unless the last day is a holiday or Sunday, and then it is also excluded.

■ There is no act remaining "to be done" for an ordinance to become effective after its publication date. The passage of time alone is all that is required for the ordinance to become effective. RCW 1.12.040 does not purport to extend the effective date of an ordinance for an additional day of grace, should the effective date fall on Sunday. The cited statute is not here apposite.

We hold that the provisions of the charter of the city of Tacoma relating to the referral of city ordinances to a vote of the people are mandatory and not directory, and that the city clerk properly refused to canvass the petitions not timely filed.

The trial court denied the writ upon the ground that the tax measures enacted by the questioned ordinances were, by virtue of the charter, not subject to referendum. Because of our disposition of this cause as herein expressed, we do not reach this issue.

The issue of the timeliness of the filing of the referendum petitions was within the pleadings and agreed statement of facts. *Lundgren v. Kieren,* 64 Wn.2d 672, 677, 393 P.2d 625 (1964), and cases cited; *Peninsula Truck Lines v. Tooker,* 63 Wn.2d 724, 726, 388 P.2d 958 (1964); *Tacoma v. Taxpayers of Tacoma,* 49 Wn.2d 781, 801, 307 P.2d 567 (1957), and case cited. The trial court properly denied the writ of mandate and dismissed the action.

The judgment is affirmed.

ALL CONCUR.