**FRIENDS OF THE CITY MARKET, Diane Whitacre, Jennifer Walker, Lee Donnici, Anthony J. Conforti, Jr., Petitioners for Repeal of or a Referendum on Kansas City, Missouri, Appellants,[1]**

v.

**OLD TOWN REDEVELOPMENT CORPORATION, Market Area Development Corporation, Kansas City Corporation**

---

1. The plaintiffs inexplicably and incorrectly style this case as *State ex rel. Friends of the City*

*Market, et al. v. Old Town Redevelopment Corporation, et al.* Neither the declaratory judg-

for Industrial Development, Kansas City, Missouri, City Clerk, City Counselor, City Council and Mayor, City Manager, Respondents.

No. WD 37322.

Missouri Court of Appeals, Western District.

May 13, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 1986.

Application to Transfer Denied Sept. 16, 1986.

William K. Poindexter, Katy Logan (argued), Kansas City, for appellant.

W. Perry Brandt (argued), Stinson, Mag & Fizzell, Kansas City, for respondents Old Town and Market Area.

James C. Bowers (argued), Polsinelli, White & Vardeman, Kansas City, for intervenor-respondents.

ment statute, §§ 527.010—527.130, R.S.Mo. 1978, nor Rule 87, Missouri Rules of Civil Procedure, provides for bringing such an action in the name of the state. *See* Rule 52.01, Missouri Rules of Civil Procedure.

Heather Brown, John F. Ingraham, Asst. City Attys., Kansas City, for Kan. City Corp. for Indust. Development, City of Kansas City, Mo., City Clerk, City Counselor, City Counsel, Mayor, City Manager and KCCID.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

NUGENT, Judge.

Plaintiffs appeal the summary judgments entered against them on both counts of their petition for declaratory judgment in which they seek a determination that their notices of intent to circulate referendum petitions were timely filed. The notices were filed on the eleventh day after passage of an ordinance in the face of a provision of the city charter which requires that such notices be filed within ten days. In this case the tenth day fell on a Sunday. Defendants question the standing of the plaintiffs to challenge the validity of the ordinance in question. We affirm the judgments.

The record and the evidence adduced by plaintiffs at a hearing on defendants' motions for summary judgment revealed the following factors. On September 13, 1984, the Kansas City city council adopted Ordinance No. 56936 approving a plan for redevelopment of the area of the city market and authorizing entry into a contract with Old Town Redevelopment Corporation for that purpose.

Section 15 of Article II of the City Charter of Kansas City includes the following provision:

All other ordinances shall take effect ten days after the date of their passage, unless a later date therefor be indicated therein; provided, however, that if within ten days after the passage thereof there be filed with the city clerk a notice signed by not less than one hundred registered voters of the city stating the intention of such registered voters to cause referendum petitions to be circulated to submit any such ordinance, or any part thereof, to the electors, such ordinance shall, subject to the provisions of this charter relating to the referendum, take effect forty days from the date of its passage unless a later effective date be fixed in such ordinance.

Opponents of the redevelopment plan followed the debate over the proposed ordinance during the time before its adoption and were present at the time of its passage on September 13, 1984. In the ensuing week, they attempted to obtain a copy of the ordinance as amended together with the two exhibits supposed to be attached to it. Exhibit "A" to the ordinance is a development plan submitted in May, 1984, by Old Town Redevelopment Corporation, a corporation organized under Missouri's Urban Redevelopment Corporations law, Chapter 353, Revised Statutes of Missouri, 1978.[2] Public hearings on the plan had been held on July 17, and the city plan commission had later recommended its approval and submitted a report on the plan, which became Exhibit "A." The city clerk on September 17, furnished a certified copy of the ordinance to plaintiffs, including a copy of Exhibit "A."

Section 3 of Ordinance No. 56936, provides, "That the Director of Finance be, and he is hereby, authorized and directed on behalf of the City to enter into a contract with the Old Town Redevelopment Corporation, a copy of which is attached hereto and made a part hereof as Exhibit 'B.'" When the opponents of the plan and the ordinance and their counsel sought a copy of the ordinance from the city clerk in the days following September 13, the clerk was unable to find and give them a copy of the contract, Exhibit "B."

Between Thursday, September 13, and Thursday, September 20, the redevelopment plan's opponents, now the plaintiffs, discussed strategy and by September 20, had decided to pursue a referendum in accordance with Article II, § 15, of the city charter. Plaintiff Diane Whitacre exam-

**2.** All sectional references, unless otherwise indicated, are to the revised statutes, as amended, and all references to Rules are to the Missouri Rules of Civil Procedure.

ined that provision and saw its ten-day provision for filing the notice of intent. On about September 19 or 20, William Poindexter, counsel for the opponents, spoke with the chief deputy city clerk, Ivan Waite, about the filing deadline. Mr. Waite gave Mr. Poindexter his opinion that the deadline was 5:00 o'clock, Friday, September 21, since the tenth day after passage of the ordinance fell on Sunday, the 23rd. Mr. Poindexter told Mr. Waite that he disagreed with him and would rely on the statute. He did not request that the clerk's office be opened on Saturday, the 22nd, or Sunday, the 23rd, to receive the filing of notices of intent.

Between Wednesday, September 19, and 11:00 o'clock Saturday morning, the plan's opponents had collected and given to Mr. Poindexter the signatures of more than three hundred registered voters to begin the referendum effort. Mr. Poindexter took those notices to the city clerk's office on Monday, September 24, and filed them. The clerk accepted the notices and at once requested a check of the registration of the voters who had signed documents. Only one hundred signatures are required, and a few days later the Board of Election Commissioners advised the clerk that the notices bore the signatures of two hundred eighty registered voters.

On October 4, 1984, the city counselor advised the clerk that the September 24 filing was too late under the charter provision, that the ordinance became effective on Sunday, September 23, and that plaintiffs' notices of intent were invalid because untimely. He instructed the clerk to refuse to accept any petitions in referendum pertaining to ordinance No. 56936.

Despite repeated requests for it, plaintiffs did not obtain a copy of Exhibit "B," the contract between the city and redevelopment corporation, until December 5, 1984.

The plaintiff filed a one-count petition in this action on October 23, 1984, seeking a declaratory judgment that their September 24 filing of the notices of intent was timely. In December, 1984, after receipt of a copy of Exhibit "B," plaintiffs filed an amended petition adding Count II.

Count I of the amended petition recites the passage of Ordinance No. 56936 and plaintiffs' attempts to obtain a certified copy of it from the city clerk and the clerk's "refusals" to furnish plaintiffs a copy on September 14. Plaintiffs also allege that they did not file their notices of intent on Sunday, September 23, because the city clerk's office was closed. Finally, Count I avers that defendants' acts were wrongful and that the defendant city officials had conspired with the corporate defendants to hinder, delay and deny plaintiffs a chance "to participate by popular vote in the fate of the City Market."

Count II alleges that on September 13, 1984, the city council did not have before it and had not seen a copy of the contract (Exhibit "B") when it adopted Ordinance No. 56936, that "said contract was untimely prepared and executed ... on or about October 8, 1984," a fact wrongfully concealed from plaintiffs and the public. Count II avers that, finally, on December 5, 1984, the clerk "discovered" and delivered to plaintiffs a copy of Exhibit "B." It also charges defendants with an unlawful conspiracy to deny plaintiffs their constitutional rights and prays for a declaratory judgment that the ordinance did not become effective on September 23, 1984.

Defendants filed motions to dismiss and motions for summary judgment contending that the facts needed to support a summary judgment for defendants were pleaded in plaintiffs' petition and that no further proof was necessary. Nevertheless, at plaintiffs' request, a hearing on defendants' motions was held on January 4, 1985. The defendants stood on their motions for summary judgment and offered no evidence. Plaintiffs adduced evidence, pertinent parts of which we have already summarized. The court called for briefs on the plaintiffs' contention that because of defendants' acts and omissions they were estopped to assert that plaintiffs' notices were filed late.

On January 16, 1985, the court entered partial summary judgment (on Count I) for defendants. The court found no estoppel and none of the elements of estoppel, holding that the evidence "is undisputed that no defendant, or agent of a defendant ever represented that a filing on the 24th would be timely." Finally, the court found that the city clerk's failure to have the attachments to the ordinance (Exhibits "A" and "B") did not delay the plaintiffs in filing their notices of intent. The court reserved judgment on Count II until a further hearing was held.

On June 6, the court convened another hearing to address plaintiffs' Count II. The defendants again offered no proof, contending that nothing the defendants did had delayed plaintiffs in the filing of their notices and that Count II in substance was the same as Count I. Plaintiffs, on the other hand, contended that substantial issues remained to be tried—the conspiracy to conceal the fact that the ordinance was void or voidable and the question of the validity of the ordinance. They argued that Count II alleged a different theory, that is, that the ordinance was invalid because it was "incomplete" and not in proper form when the city council acted upon it. Plaintiffs asserted that an issue of material fact remained in the case, namely, whether the ordinance was "complete," therefore, a motion for summary judgment would not lie. They contended that the "different and separate" completeness issue was not tried at the January 4, 1985, hearing.

The trial court offered plaintiffs the opportunity to put on any additional evidence they wished, but plaintiffs chose not to adduce evidence either to show the existence of any issue of material fact or to counter defendants' motions. Plaintiffs did not request a continuance to prepare for a further hearing on the motions.

On this appeal, plaintiffs raise three points: First, when an act is to be done within a certain time and the last day for it falls on a weekend or a holiday, the act may be done on the next business day. Second, defendants' motions for summary judgment were not supported by affidavit or evidence, therefore, the court had no factual basis on which to hold that no material issues of fact existed as to the matter raised by Count II. Third, Count II raised factual and legal issues not raised in Count I, therefore, the court's ruling that the findings and conclusions as to Count I disposed of summary judgment as to Count II was premature and improper. In their turn, defendants question plaintiffs' standing to challenge the validity of the ordinance.

I.

Plaintiffs' first point is, in effect, that its filing of the notices of intent on the eleventh day after passage of the ordinance was effective despite the charter provision that, except for emergency measures, ordinances take effect ten days after the date of passage unless a notice of intent to submit it to referendum is filed within that ten days. Article II, § 15, Charter of the City of Kansas City, Missouri.

■ Plaintiffs acknowledge that no Missouri case is directly in point on this question. Instead they rely upon the language of other Missouri cases to the effect that with respect to initiatives and referendums the provisions of the law must be liberally construed to make effective the power reserved by the people.[3] No doubt, in a case in which the particular provision in question leaves room for construction, the powers reserved by the people in a city charter should be liberally construed. But, where the charter provision in question by its plain language leaves no doubt as to the intent of the electorate, that language must be accorded full respect. *Hawkins v. City of St. Joseph*, 281 S.W. 420, 422 (Mo. 1926) (en banc). Nothing in the cases cited by plaintiffs is to the contrary, and none of

**3.** *Rekart v. Kirkpatrick*, 639 S.W.2d 606 (Mo. 1982) (en banc); *Wahlmann v. Reim*, 445 S.W.2d 336 (Mo.1969) (en banc); *State* ex rel. *Voss v. Davis*, 418 S.W.2d 163 (Mo.1967); *State* ex rel. *Blackwell v. Travers*, 600 S.W.2d 110 (Mo.App.1980); and *State* ex rel. *Ford v. Brawley*, 514 S.W.2d 97 (Mo.App.1974).

those cases construes a provision comparable to § 15 of the Kansas City charter.

Plaintiffs also urge us to hold that § 1.10 of the Code of General Ordinances of Kansas City governs in this case. In its relevant parts, that section provides as follows:

Sec. 1.10 Definitions and rules of construction.

In the construction of this Code of Ordinances and of all ordinances, the following rules of construction shall be observed, unless it shall be otherwise expressly provided in any section or ordinances, or unless inconsistent with the manifest intent of council, or unless the context clearly requires otherwise:

. . . .

*Computation of time.* The time within which an act is to be done shall be computed by excluding the first and including the last day; and if the last day be Sunday or a legal holiday, that shall be excluded.

Section 1.10 by its own language restricts its application to the construction of ordinances. It has no application to provisions of the city charter, and plaintiffs, except by implication, do not argue that it does. Nor do plaintiffs contend that the city council has the authority to amend charter § 15 by ordinance. The trial court held, and we agree, that it could not extend the ordinance provision beyond its terms and that the charter provision is clear and makes no exceptions.

■ Plaintiffs also contend that § 1.040 of the revised statutes should be applied. That section provides that "[t]he time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday it shall be excluded." Plaintiffs have cited no case holding that § 1.040 is applicable to a city charter provision requiring a court to disregard the explicit language of the charter provision. We have found no such case. The statutory history of § 1.040 shows that the legislature intended that it be applied only to statutes. The title to § 655, Revised Statutes, 1939, the predecessor to § 1.040, was "Additional rules for construing statutes," and the title

to present Chapter 1 of the revised statutes in which § 1.040 is found is "Laws in Force and Construction of Statutes." The present statutory provision does not purport to apply to city charter provisions, and we hold that it does not.

Plaintiffs likewise rely upon Rule 44.-01(a), which provides that in "computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute ..." the computation shall not include a Sunday if it is the last day. Again, the rule does not purport to apply to city charter provisions, and plaintiffs refer us to no case which holds that it does. By its explicit language, Rule 44.-01(a) applies only to civil rules, court orders and any applicable statutes. We do not have the authority to apply this civil rule to a charter provision.

The defendants cite us to two cases very similar to this one, *State* ex rel. *Ulman v. Melton,* 66 Wash.2d 157, 401 P.2d 631 (1965) (en banc), and *14,766 Seattle Voters v. Erlandson,* 9 Wash.App. 409; 512 P.2d 766 (1973). Plaintiffs admit that these cases are both strikingly similar to this case and strikingly persuasive, as indeed they are. They hold that the charter provision as to time within which the required documents for a referendum must be filed are mandatory, not merely directory, and must be obeyed, citing 5 McQuillin, Municipal Corporations (3d ed.) § 16.53 at 249, and cases in many jurisdictions. *State* ex rel. *Uhlman v. Melton, supra,* 401 P.2d at 633.

■ Moreover, the record shows that plaintiffs here were well aware of the charter provision and the Friday filing deadline but chose to rely upon their notion of the law instead of heeding the advice of the chief deputy city clerk. They did not even request that the clerk open his office on Saturday or Sunday to accept their notices within the ten days. The evidence indicates that, if they had asked him to do so, the clerk would have opened his office for that purpose.

Accordingly, the trial court correctly sustained defendants' motions for summary judgment on Count I.

## II.

Plaintiffs' second and third points can be answered together. Both pertain to Count II and the question of the existence of genuine issues of material fact. In Point II plaintiffs assert that no evidence supports defendants' motions for summary judgment and the court had no factual basis on which to find that no material fact issues appeared as to Count II. Point III is that Count II raised factual and legal issues and, therefore, it could not be disposed of on motion for summary judgment.

Both of plaintiffs' points are bottomed upon their view that Count II pleads a genuine issue of material fact that must be tried. Plaintiffs say that Count II alleges that the city council did not have before it and had never seen, indeed, on September 13, 1984, could not possibly have seen, the contract with the redevelopment corporation, Exhibit "B." The council, they argue, could not have seen the contract because the contract did not come into being until it was executed on October 8, 1984, by the city officials and the redevelopment corporation's president. Therefore, they argue, the council could not adopt the ordinance, which by its terms incorporates Exhibit "B," because without the contract the ordinance was "incomplete." The alleged incompleteness of the ordinance, they say, raises a genuine issue of material fact.

The sophistry of this argument is immediately apparent. It implicitly asks the court to assume and it is totally dependent on the assumption that as a matter of law an ordinance which authorizes city officials to enter into a contract cannot be passed unless and until the contract itself is fully executed and in being before the council. Plaintiffs cite no statute, charter provision, ordinance or judicial decision which says so. If plaintiffs' implicit assumption were true, no council could in advance authorize the making of any contract, it could only ratify contracts already executed by the signatures of the parties.

Section 432.070, provides that contracts made by cities "shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." Likewise, the city charter requires that all "contracts shall be executed in the name of the city by the head of the department ... or the officer concerned," with certain exceptions for supplies, materials and equipment, and that no contract purporting to impose any financial obligation on the city shall be binding unless in writing. Article IV, section 82. Neither the statute nor the charter includes any provision requiring that before a contract can be authorized by ordinance it must be executed. The plaintiffs have referred us to no other provision of the state constitution or statutes nor to any other provision of the city charter or ordinances that impose any additional relevant requirements upon the city council in passing an ordinance. Nevertheless, we assume for purposes of this discussion that an ordinance that incorporates certain attached exhibits by reference includes the text of those exhibits.

▮▮▮▮ Ordinances are presumed to have been adopted in accordance with the requirements of the law, and every step necessary to a valid enactment is presumed to have been taken. *Dollar Savings Bank v. Ridge*, 183 Mo. 506, 518, 82 S.W. 56, 58 (1904). The burden of showing that an ordinance was not legally enacted rests upon the party asserting the invalidity. *Id.* An ordinance passed by a city council and the mayor in the absence of proof to the contrary is assumed to have been adopted in the manner required by law. *State ex rel. Attorney General v. City of St. Louis*, 169 Mo. 31, 37, 68 S.W. 900, 902 (1902).

Count II alleges that

the defendant City Council did not have before it and had not seen a copy of the contract before or at the time of its approval of Ordinance No. 56936 at or about 4:00 p.m. on September 13, 1984; that said contract was untimely prepared and untimely executed by and between defendant City's employees and defendant Old Town Redevelopment Corporation on or about October 8, 1984 ... and that it is null and void or voidable and without force or effect.

At the June 6, 1985, hearing plaintiffs made no pretense of accusing the city council of acting on September 13, 1984, totally without reference to a specimen of the contract it considered and adopted. During that hearing and in their briefs on appeal, they have simply pressed the contention that the contract (Exhibit "B") "was not even *dated* until October 8, 1984," and that the contract which recites its execution on October 8, and which shows that it was received by the clerk on October 12, could not have been before the council on September 13, and could not, therefore, have been incorporated by reference in the ordinance. Accordingly, plaintiffs assert, the ordinance could not have been effective on September 23, 1984.

Count II fails to state a cause of action because it alleges, as plaintiffs' arguments attest, that the city council could not have passed a valid ordinance authorizing the contract because on September 13, the council had not seen the executed contract. That is a demurrable allegation, and the trial court could have and should have sustained defendants' motions to dismiss under Rule 55.27(a)(6). But the trial court correctly sustained defendants' motions for summary judgment on Count II because no genuine issue of material fact remains in question under Count II. Rule 74.04(c). The only dispute is as to the legal effect of undisputed, ascertained facts. Cf. *Packet Dairy, Inc. v. Ziegler's Super Market, Inc.,* 676 S.W.2d 926, 927 (Mo.App.1984); *66 Terminal, Inc. v. Roberts,* 448 S.W.2d 938, 939 (Mo.App.1969). Plaintiffs contend that the failure of the city council to have before it on September 13, 1984, the completed, that is, the signed and sealed copy of the contract, invalidated the ordinance and, therefore, it never became effective. That contention raises only a question of law: whether the city council can adopt an ordinance authorizing city officials to enter into a specific contract to be executed after the ordinance is passed. The answer is that the council may do so.

The plaintiffs have alleged a conspiracy of the defendants to conceal the "fact" that the ordinance was not complete. Assuming that indeed the defendants colluded to conceal the fact that the contract authorized by the ordinance was not signed until October 8, and was not received by the clerk until October 12, the legal question and answer remain the same. Absent allegations that the city council acted totally without reference to the specific contract it authorized, no genuine issue of material fact remains in the case, and as a matter of law the court was free to enter summary judgment on Count II. *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App.1984).

In view of our decision that the trial court correctly sustained defendants' motions for summary judgment on both counts, we need not take up the defendants' attack upon plaintiffs' standing to challenge the validity of the ordinance.

For the foregoing reasons we affirm the trial court's judgments on both counts.

All concur.