STATE ex rel. Donald R. FORD et al.,
Plaintiffs-Respondents,

v.

John BRAWLEY et al., Defendants-
Appellants.

No. 35459.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 10, 1974.

Carleno & Nick, Ferguson, for defendants-appellants.

Murray Stone, Nelson B. Rich, St. Louis, for plaintiffs-respondents.

SMITH, Presiding Judge.

Defendants appeal from a judgment in mandamus ordering defendants to submit Ordinance No. 72–1298 to the voters of the City of Ferguson for referendum in accord with the Charter of the City. We affirm.

Plaintiffs are citizens of Ferguson; defendants are the Mayor and Councilmen of that community. Ferguson is a constitutional charter city. Under the charter "All proceedings for public improvements, shall be begun by adoption of a resolution by the Council declaring the necessity of such improvement, the nature thereof, and the method of payment." On June 13, 1972, the City Council passed a resolution declaring it necessary to extend Hern Avenue and to construct a bridge over Maline Creek. On July 25, 1972, Bill No. 4571 was introduced, in accord with the charter, authorizing the construction of the extension and construction of the bridge. This ordinance was passed August 15, 1972. Within 20 days thereafter, referendum petitions were filed with the City Clerk and on September 5, 1972, the clerk certified the sufficiency of the petitions. On September 21, 1972, the Council voted to reject the referendum petitions. This mandamus suit followed.

The Charter provides for referendum of "any ordinance passed by the council" except (1) emergency ordinances as provided for in Section 17, of this Charter, (2) ordinances for the levying of taxes, or (3) the issuance of special tax bills as pro-

vided in this Charter." Section 17 lists four areas in which emergency ordinances may be enacted but requires that any emergency ordinance so state and give the reason for the emergency. This ordinance does not state it is an emergency one and so is not covered by exception 1. The other two exceptions clearly do not apply. Since the Charter specifically provides what ordinances are exempted from the "any ordinance" language, and since this ordinance is not specifically exempted, we find no basis to say it is not subject to referendum. The people of the City of Ferguson have spelled out in their charter the circumstances wherein referendum is available. The grant is extensive, and covers the ordinance here.

Defendants argue that the enactment of the resolution is the legislative act and the enactment of the ordinance was simply administrative. Resolutions are not, under the Charter, subject to referendum, only ordinances. See similarly State v. Strahm, 374 S.W.2d 127 (Mo.banc.1963). The ordinance here constituted the first opportunity of the people of Ferguson to test the action of the Council on this proposal. It was the first act having the force of law and the first legislative act of the Council in regard to this subject.

The petitions consisted of 24 groups of documents. Each group was comprised of two yellow sheets containing the full text of the ordinances and the protest statement and then a number of white pages with signatures. The yellow pages in each group have page numbering 1 and 2 and the white sheets started with 3 and continued serially as required. At the bottom of page 2 appeared the words "(Continued on Page 3)." Each white page contained in capitals the words "PETITION TO CITY COUNCIL, CITY OF FERGUSON, FOR SUBMISSION OF BILL NO. 4571, ORDINANCE 72–1298 TO THE VOTERS AT AN ELECTION TO BE HELD ON NOVEMBER 7, 1972."

The Charter says:

"All petition papers comprising an initiative or referendum petition shall be assembled and filed with the City Clerk as one instrument. Every petition paper shall contain the full text of the measure proposed or referred, but the signatures to the petition need not all be appended to one paper."

▇▇ The provisions under which the people proceed in initiative and referendum should be liberally construed. State ex rel. Wahlmann v. Reim, 445 S.W.2d 336 l.c. 341 (Mo.banc.1969). Excessive technicality is not necessary if the petitions reflect compliance with the charter and evidence that the signer had readily available the information respecting what he was signing. These petitions do both. They contain a petition heading, are addressed to the council, contain the full text of the ordinances, specifically identify the ordinance involved on each signature page, bear the signature and affidavit of the circulator. That was sufficient in Wahlmann v. Reim, *supra*; it is sufficient here.

▇▇ Defendants also contend that the notary who took the acknowledgements was incompetent to do so because as council member he voted against the ordinance. He was a notary and under 486.020, RSMo 1969, V.A.M.S. may receive proof or acknowledgements of instruments in writing. There is no financial conflict of interest involved here as in the cases cited by defendants. The councilman's interest was no greater than that of any other concerned citizen. We find no merit to this point.

Judgment affirmed.

CLEMENS, McMILLIAN and GUNN, JJ., concur.